UNITED STATES of America,
Plaintiff–Appellee

v.

Santos Pedro GARCIA–MARTINEZ,
Defendant–Appellant.

No. 07–40950.

Conference Calendar.

United States Court of Appeals,
Fifth Circuit.

Oct. 21, 2008.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office, Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, Federal Public Defender's Office, Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before KING, BARKSDALE, and OWEN, Circuit Judges.

PER CURIAM: *

Santos Pedro Garcia–Martinez (Garcia) appeals the sentence he received for his guilty plea conviction for illegal reentry under 8 U.S.C. § 1326. The district court imposed an eight-level enhancement under the Sentencing Guidelines because it determined that Garcia's second state conviction for possession of a controlled substance qualified as an "aggravated felony." Garcia contends that, in light of *Lopez v. Gonzales,* 549 U.S. 47, 127 S.Ct. 625, 166 L.Ed.2d 462 (2006), his second ·possession offense does not qualify as an aggravated felony because he did not receive the type of procedural safeguards required by 21 U.S.C. § 851 before a second simple possession offense is punishable as a felony under the recidivist provisions of the Controlled Substances Act.

While Garcia's appeal was pending, we decided *United States v. Cepeda–Rios,* 530 F.3d 333 (5th Cir.2008). We rejected the argument made here by Garcia and affirmed the district court's determination that a second state possession offense qualifies as an aggravated felony without a showing that the State provided the type

---

**330**

of procedural safeguards required under § 851. *Cepeda–Rios,* 530 F.3d at 335–36 & n. 11. As here, the appellant in *Cepeda–Rios* "had the opportunity to object to the finality of his first state possession conviction at his federal sentencing hearing, but he did not do so." *Id.* at 335 n. 11.

The judgment of the district court is AFFIRMED.

---

* Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.